IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Kaori Sullivan as Personal Representative for the Estate of Patrick S. Sullivan, | Civil Action Number: **3:12-cv-00905-JFA** |
| Plaintiff, | |
| vs. | **ORDER APPROVING SETTLEMENT** |
| United States of America, | |
| Defendant. | |

The verified Petition of Kaori Sullivan (a copy of which is filed herewith) sets forth that Kaori Sullivan, is the duly appointed Personal Representative of the Estate of Patrick S. Sullivan. The Petitioner seeks approval of the settlement.

The Petition, which includes the certificate of her attorneys, Todd R. Ellis, Esquire and Herbert E. Buhl, III, Esquire, as required by S.C. Code Section 15-5-90, contains the information required by that statute, to wit: Basic facts surrounding the Complaint; basic facts surrounding the treatment of Patrick S. Sullivan and pertinent facts surrounding the alleged liability of the wrongdoers; Amounts of insurance available to pay for damages; Terms of proposed settlement; Statutory beneficiaries, including heirs at law or appropriate devisees of the estate; Information as to creditors and liens; and Amount of Attorney fees and costs. Additionally, the Petition sets forth the proposed allocation of the settlement proceeds.

The Petitioner asserts that she had given this matter mature consideration and that she has consulted with her attorneys, Todd R. Ellis and Herbert E. Buhl, III. The Petitioner represents that she believes the settlement is fair and reasonable and in the best interests of the statutory

1

beneficiaries and the estate of the decedent. The Petitioner is pleased with the services of her attorneys and she has agreed to accept the amount set forth in the Petition in full and final settlement of all claims against the named defendant. Petitioner requests the court to approve the settlement and the proposed allocation of the proceeds of the settlement as set forth in the Petition.

As set forth in Paragraph 7 of the Petition, it is clearly understood and agreed by the parties that the Defendant agrees to waive any outstanding amounts due to them by the Plaintiff as a result of medical care rendered to Patrick S. Sullivan and, likewise, agree not to pursue any subrogation and/or lien from any medical facility, provider or insurer, as a result of these outstanding amounts, if any.

With the exception of those amounts set forth in the prior paragraph, it is clearly understood and agreed by the parties that Petitioner shall be solely responsible for and shall satisfy any and all lien and subrogation interests asserted now or in the future by any and all persons, firms, or corporations who provided medical and/or health care benefits to Patrick S. Sullivan. The Petitioner further agrees to indemnify and forever hold harmless the Defendant, The United States of America, against any claims, actions or judgements, and any costs and attorney's fees incurred to defending such claims and/or actions asserted or obtained by such medical and/or health care provider or subrogor and from any and all loss, expense, claims or demands in any way arising out of or connected with the treatment of the deceased and/or the distribution of the aforementioned proceeds received in settlement of all claims arising out of said treatment.

The matter came before me on the date set forth below. I have considered the matters set forth in the Petition. I have spoken to and heard from Kaori Sullivan. I have consulted with her attorneys, Todd R. Ellis and Herbert E. Buhl, III, who represent that they have fully advised the

Petitioner of her rights and obligations in connection with this matter including her rights, obligations and responsibilities in her trust capacity as Personal Representative of the Estate of Patrick S. Sullivan. I am thoroughly convinced tht the Petitioner understands and appreciates her rights, obligations, and responsibilities in connection with these matters. I find that under the circumstances the settlement is fair, equitable and just, and approval is hereby given. It is, therefore

ORDERED that the settlement as set forth in the Petition (the terms of which are incorporated herein by reference), including the payment of attorney fees and costs, is hereby APPROVED; and

IT IS FURTHER ORDERED that Petitioner is hereby authorized to consummate the settlement in the amount of $77,500.00; and

IT IS FURTHER ORDERED that receipt and disbursement of the settlement funds ($77,500.00) shall occur in the manner as set forth in the Petition; and

IT IS FURTHER ORDERED that upon payment of settlement sums, the Petitioner and those for whose benefit they sued, along with all others claiming, or to claim, by, through or under the, be, and they hereby are, forever barred and foreclosed from the prosecution of any claim or action arising out of the allegations in the Complaint in the above-referenced case against the Defendant.

IT IS FURTHER ORDERED the Petitioner shall be solely responsible for and shall satisfy any and all subrogation interest asserted now or in the future by any and all persons, firms, or corporations who provided medical and/or health care benefits to Patrick S. Sullivan, and that the Petitioner will indemnify and forever hold harmless the Defendant, The United States of America, against any claims, actions or judgements, and any costs and attorney's fees incurred to defending such claims and/or actions asserted or obtained by such medical and/or health care provider or

subrogor and from any and all loss, expense, claims or demands in any way arising out of or connected with the treatment of the deceased and/or the distribution of the aforementioned proceeds received in settlement of all claims arising out of said treatment.

IT IS FURTHER ORDERED that the Petitioner is further directed to execute such release or releases as her own attorneys and the attorneys for the Defendant may deem proper;

IT IS FURTHER ORDERED that upon payment of the settlement sums mentioned in the Petition and as set forth above, the defendant shall not be required to look to the application of the proceeds of such settlement; and

IT IS FURTHER ORDERED that the within action is hereby dismissed with prejudice only upon the receipt and disbursement of all of the settlement proceeds as set forth in the Petition.

IT IS SO ORDERED.

September 13, 2012
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge